UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAURA TERWILLIGER,

                                Plaintiff,

       – against –

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
------------------------------------------------------------------------x

**ORDER**

12-CV-6782 (CS)

Seibel, J.

      Plaintiff commenced this action by filing a complaint against the Commissioner of Social Security on September 7, 2012. (Doc. 1.) By Stipulation and Order dated March 13, 2013 the matter was remanded to the Commissioner of Social Security for further administrative proceedings. (Doc. 8.) On March 3, 2018 Plaintiff's attorney filed a motion for attorney's fees, (Doc. 9), pursuant to Section 206 of the Social Security Act, 42 U.S.C. § 406, along with a supporting affirmation, (Doc. 10). Defendant has not opposed the motion.

      Section 406(b) of the Social Security Act permits a court to grant a reasonable fee to an attorney who successfully represented a client, to be paid out of the client's award of past-due benefits, provided that the award does not exceed 25 percent of the total of the past-due benefits. 42 U.S.C. § 406(b); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."); *Grace v. Berryhill*, No. 11-CV-9162, 2018 WL 1940420, at *1 (S.D.N.Y. Apr. 20, 2018) ("Under 42 U.S.C. § 406(b)(1)(A), an attorney whose client receives a favorable judgment from the [Social Security Administration] can make an application for fees not in excess of 25

percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.") (cleaned up).

Plaintiff's counsel requested $21,643.50 for 74.25 attorney hours of work before the Court, *i.e.*, a *de facto* hourly rate of $291.49. But after reviewing Plaintiff's supporting affirmation, (Doc. 10), and the attached itemization of services rendered, (Doc. 10-1), the Court could not determine whether what Plaintiff is asking for is 25% or less of the past-due benefits. As a result, the Court deferred ruling on Plaintiff's motion for attorney's fees. By court order dated May 19, 2021, the Court noted:

> The application for fees states, "Annexed herewith is a letter from the Social Security Administration, indicating that the sum of $7,214.00, is authorized for representing the claimant before the Social Security Administration." But no such letter is annexed. It further states, "The Social Security Administration has advised that they are withholding a total sum of $21,643.50, which represents 25% of withheld past-due benefits which will be used to pay the attorney fee once it is approved." But no documentation to that effect is provided.

(Docket Entry dated May 19, 2021.) In that same order, the Court directed counsel for Plaintiff to "provide the missing documentation and letter no later than 6/2/21." (*Id.*)

As of June 3, 2021, Plaintiff's counsel has not provided the missing documentation and letter.[1] And as discussed, the Court cannot tell if what Plaintiff is asking for is 25% or less of the past-due benefits without the missing documentation and letter. Additionally, if Plaintiff's counsel was paid pursuant to the Equal Access to Justice Act, he is supposed to return that to the Plaintiff, and the Court is unable to determine whether Plaintiff's counsel was paid without the missing documents. *See Benson v. Astrue*, No. 04-CV-8358, 2009 WL 82581, at *2 (S.D.N.Y. Jan. 6, 2009) ("Although attorneys may seek awards under both § 406 and the EAJA, an attorney who recovers under both provisions must return the smaller award to the claimant.").

---

[1] Plaintiff did file (twice) a proposed Order that had previously been been filed, (see Docs. 11, 13, 14), but did not provide the requested documents.

I will give Plaintiff's counsel one last chance. The motion for attorney's fees will be denied if the missing information is not supplied by June 7, 2021.

**SO ORDERED.**

Dated: June 3, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.